UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy Duncan**,** *former # 290546,aka Jimmy L. Duncan,* | ) C/A No. 8:09-1186-MBS-BHH |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) Report and Recommendation |
| vs. | ) |
| | ) |
| Cpl. Robert Cook, Walterboro Police Dept.; Cpt. Chuck Fraser; Mr. Harris Beach, Attorney, Public Defender's Office; Mr. David Mathews, Attorney, Public Defender's Office; Mr. B. Ray Woodard, Judge; Sean Thorton, Solicitor; T. K. Alexandra, Solicitor; Jay Lemacks, Pardon & Parole Office, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |
| ———————————————————— | ) |

This is a civil action filed *pro se* by a county detainee.[1]  Jimmy Duncan (Plaintiff) is a detainee in the Colleton County Detention Center.  He seeks "injunctorial relief" (injunctive relief) and "punitive damages" from an employee of the detention center based on claims that his constitutional rights are being violated by the lack of a law library and a working grievance system at the center.  He also seeks "injunctorial relief" and "punitive damages" for allegedly unconstitutional denial of his freedom based on an allegedly inadequate and improper arrest warrant issued without probable cause by an allegedly legally blind judge (a Fourth Amendment claim).  The Fourth Amendment claim seeks relief from the arresting officer, the judge who issued the disputed warrant, the Solicitors prosecuting the case against him, his own defense attorneys, and a probation officer allegedly involved in the institution of the pending criminal case against him.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case.  This review has been conducted pursuant to the

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.  *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B) as to all Defendants except the arresting police officer (Cook) and the probation officer (Lemacks).

Initially, the allegations against Defendant Capt. Fraser at the Colleton County Detention Center based on the lack of a law library and working grievance system at the center fail to state any viable constitutional violations. As a result, Capt. Fraser should be summarily dismissed from this case without service of process being issued for him. With regard to the lack of law library access, a careful review of the allegations of the Complaint discloses that Plaintiff's contentions

relating to the lack of law library access do not raise a cognizable claim under 42 U.S.C. § 1983[2] because there are no allegations of any *specific* injury Plaintiff has suffered or is likely to suffer as a result of the alleged inadequate access to legal materials while in pre-trial detention.[3]  *See Lewis v. Casey*, 518 U.S. 343 (1996)(plaintiff must allege actual injury resulting from allegedly inadequate jail library in order to state a claim under § 1983); *Michau v. Charleston County, S.C.*, 434 F.3d 725, (4th Cir. 2006)(in access to court claim, inmate must allege and show that he has suffered an *actual* injury or *specific* harm to his litigation efforts as a result of the defendant's actions); *Magee v. Waters*, 810 F.2d 451 (4th Cir.1987) (*actual* injury required of city jail inmate who received books after delay and was allowed one hour of library time a week).  Other circuits also have required a showing of injury or prejudice in cases involving minor or indirect restrictions on access to materials and assistance.  *See, e.g.*, *Mann v. Smith*, 796 F.2d 79 (5th Cir.1986) (no denial of access to county jail inmate with access to legal assistance but not library who nevertheless was able to file legally sufficient claim); *Cookish v. Cunningham*, 787 F.2d 1 (1st Cir.1986) (denial of access to law library, except for emergency matters, during two-week

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law.  *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.  *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

[3] Under § 1915(e)(2)(B)(i), a claim asserted by a pro se plaintiff proceeding *in forma pauperis* may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, i*d.* at 327, the claim seeks to enforce a right which clearly does not exist, id., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n. 2 (11th Cir.1990).  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U .S. at 327. Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

quarantine period does not state violation); *Hudson v. Robinson*, 678 F.2d 462 (3d Cir.1982) (actual injury must be shown; that library is noisy, open at inconvenient times, with no free supplies, and with notary not always available does not state claim); *Twyman v. Crisp*, 584 F.2d 352 (10th Cir.1978) (use of library restricted to two hours a week did not lead to any prejudice, so no denial of access); *cf. Peterkin v. Jeffes*, 855 F.2d 1021 (3d Cir.1988) (summary judgment not appropriate in systemic challenge of death row prisoners to denial of access to libraries and inmate law clinic workers).   Moreover, longstanding case law in this circuit provides that if a pre-trial detainee alleging denial of access to courts due to inadequacy of the jail law library has an attorney or *is offered counsel but waives his or her right to counsel*, he or she has no constitutional right of access to a law library or to legal materials when he or she is a pre-trial detainee.  *See U. S. v. Chatman*, 584 F.2d 1358, 1360 (4th Cir. 1978).  In *Chatman*, the court concluded that *Bounds v. Smith*, 430 U.S. 817 (1977)(explained and limited by the United States Supreme Court in 1996 in *Lewis v. Casey* to circumstances involving actual injury) was not applicable to a pre-trial detainee:

> We do not read *Bounds* to support that conclusion.  *Bounds* was concerned with the rights to equal protection and to access to the courts of prisoners who sought to invoke post-conviction relief. * * *  *Bounds*, of course, has no direct application to defendant.  He was accused of a crime and had an absolute right to counsel, which he validly waived; he had no present thought of pursuing post-conviction relief.  But, even so, we do not read *Bounds* to give an option to the *prisoner* as to the form in which he elects to obtain  legal assistance.  The option rests with the government which has the obligation to provide assistance as to the form which that assistance will take.  Thus, to the extent that it may be said that *Bounds* has any application to the instant case, the United States satisfied its obligation under the sixth amendment when it offered the defendant the assistance of counsel which he declined.  We so hold.  *Cf. United States v. West*, 557 F.2d 151 (8 Cir. 1977).

584 F.2d at 1360 (italics in original).

The  United  States  Court  of  Appeals  for  the  Fourth  Circuit  has  also  ruled  that  the Constitution of the United States does not require every local jail even to have a law library.  *See*

*Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987). The holding in *Magee* is based on the knowledge that county jails, such as the Colleton County Detention Center, are generally short-term facilities, wherein "'the brevity of confinement does not permit sufficient time for prisoners to petition the courts.'" 810 F.2d at 452; *see also Cruz v. Hauck*, 515 F.2d 322, 331-33 (5th Cir. 1975). In *Cruz*, the court noted: "access to the courts may be satisfied either by availability of legal materials, by counsel, or by any other appropriate device of *the State*." 515 F.2d at 331 (emphasis added). Also on point are *Hause v. Vaught*, 993 F.2d 1079 (4th Cir. 1993); *Strickler v. Waters*, 989 F.2d 1375 (4th Cir. 1993); *Peterkin v. Jeffes*, 855 F.2d 1021, 1040-41 & nn. 24-25 (3d Cir. 1988); *Sands v. Lewis*, 886 F.2d 1166, 1170-71 (9th Cir. 1989)(collecting cases). Without any arguable allegation to the effect that he has personally suffered actual injury (such as dismissal of a lawsuit or entry of sanctions for failure to prosecute or respond to an order) from his restricted access to a law library, it is clear that Plaintiff fails to state a claim under 28 U.S.C. § 1983 upon which relief may be granted.

The Complaint also fails to state a viable § 1983 claim against Captain Fraser based on an allegedly poorly operating grievance system at the detention center. It is well settled that prison inmates, including pre-trial detainees, have no federal constitutional right to have *any* inmate grievance system in operation at the place where they are incarcerated. *See*, *e.g.*, *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988); *Brown v. Dodson*, 863 F.Supp. 284, 285 (W.D. Va. 1994). Furthermore, simply because a state or local authority chooses to establish an inmate grievance system, that choice does not confer any substantive constitutional right on the prison inmates or pre-trial detainees. *See Mann*. As a result, even if corrections officials fail to properly apply an inmate grievance procedure, as Plaintiff contends is the case in Colleton County, such failure is not actionable under § 1983. *See Spencer v. Moore*, 638 F.Supp. 315, 316 (E.D.

Mo.1986); *Azeez v. DeRobertis*, 568 F. Supp. 8, 9-11 (N.D. Ill. 1982).

Additionally, Plaintiff's claims for injunctive relief from each remaining Defendant, all of whom are involved in the institution and continuation of the criminal prosecution currently pending against Plaintiff, are barred from consideration by this Court by the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny. *Younger* and other cases hold that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See*, *e.g.*, *Younger*, 401 U.S. at 44; *Taylor v. Taintor*, 83 U.S. (16 Wall.) 366, 370 & n.8 (1873)[4] ; *Harkrader v. Wadley*, 172 U.S. 148, 169-70 (1898); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989).

In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975). In *Bonner*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Id.*; *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (federal courts cannot review state court proceedings in an appellate sense); *Gurley v. Superior*

---

[4]Although the Supreme Court of the United States has not overruled *Taylor v. Taintor*, an unrelated portion of the decision in *Taylor v. Taintor*, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas. *See Green v. State*, 829 S.W.2d 222, 223 (Tex. Crim. App. 1992)("However, *Taylor* is not the law in Texas.").

*Court of Mecklenburg County*, 411 F.2d 586, 587-88 (4th Cir. 1969)(federal courts may not issue writs of mandamus against state courts); *Craigo v. Hey*, 624 F. Supp. 414 (S.D.W. Va. 1985) (same).

As indicated in the cases cited above, Plaintiff is not foreclosed from raising what appears to be primarily a Fourth Amendment lack of probable cause/false arrest argument and having it ruled on in his on-going state criminal prosecution by the state court judge. This Court cannot remove the authority to rule on such an objection from the judge who is actually in control on Plaintiff's state criminal case. Also, to grant the injunctive relief Plaintiff seeks: release from incarceration and confinement and removal of state officials from office,[5] this Court would be required to enjoin the state prosecution, and, as stated above, this is not something we can do under *Younger*, *Cinema Blue*, and *Bonner*.

Finally, insofar as Plaintiff's seeks "punitive damages" for alleged constitutional violations and "gross negligence" from the judge who issued the arrest warrant (Woodard), the Solicitors who are involved in prosecuting the state criminal case against him (Thorton and Alexandra), and the public defenders who are representing Plaintiff is his criminal case (Beach and Matthews), the Complaint fails to state any viable damage claims and is, therefore, subject to partial summary dismissal as to all these Defendants. Judge Woodard is entitled to judicial immunity from a damage claim against him based on the actions he takes in carrying out his judicial functions. The issuance of an arrest warrant is clearly the type of judicial function to which the doctrine of absolute judicial immunity applies. As the Fourth Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

---

[5] This Court cannot, in any event, direct that state officials or employees be fired or otherwise removed from their jobs. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980)(a federal district court lacks inherent power to hire or remove officials not within the executive control of that federal district court)(*citing U.S. v. White County Bridge Comm'n*, 275 F.2d 529, 535 (7th Cir. 1960)).

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power.  It shields judges even against allegations of malice or corruption. . . .  The rules is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)(judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Burns v. Reed*, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").

Plaintiff's damage claims against Solicitors Thorton and Alexandra arising from their decisions and actions relating to the filing and prosecution of the state criminal charges against him are barred from this Court's consideration by the doctrine of prosecutorial immunity.  In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors.  *See* S.C. Const., art. V, § 24; S.C. Code Ann, § 1-7-310.  Solicitors are elected by voters of a judicial circuit and have

absolute immunity for their prosecution-related activities in or connected with judicial proceedings. Such protected activities include, but are not limited to, prosecutorial actions and decisions related to the Solicitor's participation in a criminal trial, bond hearings, grand jury proceedings, pre-trial motions hearings, and ancillary civil proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Hart v. Jefferson County*, 1995 WL 399619 (D.Ore., June 15, 1995)(allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity). Absolute immunity extends to "persons working under [a prosecutor's] direction, when they function as advocates for the state" and are clearly associated with the judicial process. *Bernard v. County of Suffolk*, 356 F.3d 495, 502 (2d Cir. 2004).

Of particular importance in this case is the fact that it is well settled in this Circuit that prosecutors are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute," *Lyles v. Sparks*, 79 F. 3d 372, 377(4th Cir. 1996), and whether or not to go forward with a prosecution. *See Springmen v. Williams*, 122 F. 3d 211, 212-13 (4th Cir. 1997). Plaintiff's claims that Defendants Thorton and Alexandra were "grossly negligent" and/or violated the constitution when they went forward with the state criminal prosecution despite an alleged Fourth Amendment violations in connection with the arrest warrant, go directly to those Defendants' clearly prosecutorial decisions about when to prosecute and whether to even go forward with a prosecution. Because such decisions are purely prosecutorial functions and they are absolutely immune from Plaintiff's claims. *Springmen*; *Lyles*. Plaintiff is not entitled to recover any damages from Defendants Thorton or Alexandra based on their performance of these functions, and the Complaint should be summarily dismissed insofar as it seeks any relief from them.

The Complaint fails to state any viable § 1983 claim for damages or any other relief against

Plaintiff's defense attorneys: Beach and Mathews, arising from their failure to get the criminal charges dismissed or from any other alleged "gross negligence" or inadequate representation. In order to state a cause of action under § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The United States Supreme Court has determined that "a public defender does not qualify as a state actor when engaged in his general representation of a criminal defendant." *Georgia v. McCollum*, 505 U.S. 42, 53 (1992).[6] The Court held in *Polk County v. Dodson*, 454 U.S. 312 (1981), that the adversarial relationship of a public defender with the State prevented the attorney's public employment from alone being sufficient to support a finding of state action. Since Plaintiff's allegations do not show that Defendants Beach or Mathews acted under color of state law, Plaintiff cannot maintain a § 1983 action against them. Plaintiff has alleged no more than malpractice, *i.e.*, negligence in legal representation, against his defense attorneys, and it is clear that a § 1983 action may not be based alone on a violation of state law or on a state tort such as negligence. *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988); *see West v. Atkins*, 487 U.S. 42, 48 (1988)(to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States); *Kendall v. City of Chesapeake*, 174 F.3d 437, 440 (4th Cir. 1999)(same).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process as to Defendants Fraser, Beach, Mathews, Woodard, Thorton, and Alexandra. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh;*

---

[6] In *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982), the Court held that the statutory requirement of action "under color of state law" is identical to the "state action" requirement for other constitutional claims.

*Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  The Complaint should be served on Defendants Cook and Lemacks.

Plaintiff's attention is directed to the important notice on the next page.


s/Bruce Howe Hendricks
United States Magistrate Judge

May 21, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).