IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jimmy Duncan, | ) |
|                           Plaintiff, | ) Civil Action No. 8:09-1186-MBS-BHH |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| Corporal Robert Cook, et. al., | ) |
|                           Defendants. | ) |

The plaintiff, a state prisoner proceeding pro se, brought this action alleging constitutional violations pursuant to 42 U.S.C. § 1983. The matter is before the Court on the plaintiff's motions for a temporary restraining order ("TRO"). (Dkt. # 13.)

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of both Preliminary Injunctions and TROs. Pursuant to Rule 65, "a temporary restraining order may be granted . . . only if it clearly appears from specific facts shown . . . that immediate and irreparable injury, loss, or damage will result to the applicant." Further, in considering whether to issue a preliminary injunction under Rule 65(b), the Court must consider four factors: (1) the likelihood of irreparable harm to the plaintiff if the Court denies the preliminary injunction; (2) the likelihood of harm to the defendants if the injunction is granted; (3) the likelihood that the plaintiff will succeed on the merits of this underlying claim; and (4) the public interest. *Smith v. Ozmint*, 444 F. Supp.2d 502, 504 (D.S.C. 2006). A plaintiff does not have an automatic right to a preliminary injunction, and such relief should

be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir.1980).

Additionally, functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991). Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman,* 34 F.3d 266, 269 (4th Cir. 1994). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Medical Group*, 952 F.2d 802, 812 (4th Cir.1991) (citation omitted).

The undersigned construes the plaintiff's motion as one for preliminary injunctive relief. The plaintiff alleges that he is being harassed with unnecessary searches and confiscation of his property. He also alleges the water to his cell has been cut off which prevents him from showering for long periods of time (thirty days) and that he has been denied meals for a day or two when the defendants work. The plaintiff alleges he was tased and gassed and then placed in handcuffs and shoved into his cell wall on June 7, 2009. He alleges he was told his mistreatment will continue until he stops filing lawsuits and other paperwork against officers. Finally, the plaintiff states that the defendant Cook told the

plaintiff that if the plaintiff did not stop filing suits, he would be subjected to even bigger problems. (Pl.'s Mot. for TRO at 1.) The plaintiff is seeking an order requiring his transfer to another facility in Beaufort County. *Id.*

The plaintiff has not shown that irreparable harm is likely to occur if his motion is denied. There is no evidence in the record that the plaintiff will not suffer irreparable harm. Nor has plaintiff established a likelihood that he will eventually succeed on the merits or that the public interest lies with granting the relief. Although the plaintiff alleges he has suffered mistreatment, his motion is based upon the threats of Officer Cook. The plaintiff specifically states that "their mis-treatment is one thing but these threats sound very serious when their duty is to serve and protect." (Pl.'s Mot. for TRO at 2.) Thus, the plaintiff's assertions in his motion are based upon mere speculation that one of the defendants will retaliate against him because he filed the instant lawsuit. The plaintiff's showing of irreparable harm is too remote or speculative and not actual and immediate. *Al-Abood v. El-Shamari,* 71 F.Supp.2d 511, 514 (E.D.Va.1999). Accordingly, the plaintiff's motion should be denied.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Plaintiff's Motion for a Temporary Restraining Order (Docket Entry #13) be DENIED.

**IT IS SO RECOMMENDED.**

s/Bruce Howe Hendricks
United States Magistrate Judge

July 21, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).