IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| Jimmy Duncan, | ) | |
|---|---|---|
| | ) | C/A No. 8:09-1186-MBS-BHH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **O R D E R** |
| Cpl. Robert Cook, Walterboro Police Dept.; Cpt. Chuck Fraser; Mr. Harris Beach, Attorney, Public Defender's Office; Mr. David Mathews, Attorney, Public Defender's Office; Mr B. Ray Woodard, Judge; Sean Thorton, Solicitor; T.K. Alexandra, Solicitor; and Jay Lemacks, Pardon & Parole Office, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Jimmy Duncan is a pretrial detainee who currently is housed at the Colleton County Detention Center (CCDC) in Walterboro, South Carolina. Plaintiff, appearing *pro se*, asserts that his constitutional rights have been violated in numerous respects. He brings this action pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act. On May 21, 2009, the Magistrate Judge filed a Report and Recommendation in which she determined that Plaintiff's allegations against Defendants Fraser, Beach, Mathews, Woodard, Thorton, and Alexandra should be summarily dismissed. Plaintiff filed objections to the May 21, 2009 Report and Recommendation on June 10, 2009.

On June 10, 2009, Plaintiff also filed a motion for temporary restraining order and for

transfer to another facility (Entry 13). The Magistrate Judge filed a Report and Recommendation on July 21, 2009 in which she recommended that Plaintiff's motion be denied. Plaintiff filed objections to the July 21, 2009 Report and Recommendation on August 24, 2009. Defendant Cook filed a response in opposition to Plaintiff's objections on September 6, 2009.

On July 23, 2009, Plaintiff filed a motion for default judgment as to Defendant Lemacks (Entry 41). The Magistrate Judge filed a Report and Recommendation on July 30, 2009 in which she recommended that Plaintiff's motion be denied. Plaintiff filed objections to the July 30, 2009 Report and Recommendation on August 19, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

I. DISCUSSION

A. Summary Dismissal

The Magistrate Judge recommended that all Defendants except Defendant Cook, the arresting officer, and Defendant Lemacks, the probation officer, be summarily dismissed. The Magistrate Judge noted that the claims against Defendant Fraser related to the lack of a law library and working grievance system at CCDC. The Magistrate Judge determined that the claims should be dismissed because (1) Plaintiff had failed to show actual injury to his litigation efforts, see Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006) (citing Lewis v. Casey, 518 U.S. 343, 351 (1996) (holding that prisoner must demonstrate that alleged shortcomings in the library hindered his

efforts to pursue a legal claim)), and (2) Plaintiff has no federal constitutional right to a grievance system, see Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).

In addition, the Magistrate Judge noted that Defendant Woodward is entitled to judicial immunity; that Defendants Thorton and Alexandra are entitled to prosecutorial immunity; and that Plaintiff's public defenders, Defendants Beach and Mathews, are not state actors for purposes of § 1983. The Magistrate Judge further determined that Plaintiff's claims for injunctive relief against all Defendants with respect to continuing the criminal prosecution of Plaintiff is barred pursuant to Younger v. Harris, 401 U.S. 37 (1971), which generally prohibits federal courts from interfering with a state's pending criminal proceedings.

In his objections, Plaintiff contends that Defendants Woodward, Thorton, Alexandra, Beach, and Mathews should be held accountable for their actions. The crux of Plaintiff's claim is that he was deprived of a preliminary hearing because of the improper acts of these Defendants. However, as the Magistrate Judge properly noted, Defendants Woodward, Thorton, and Alexandra are entitled to immunity from claims under § 1983, and Defendant Beach and Mathews are not state actors. To the extent Plaintiff challenges any of the Magistrate Judge's other findings or recommendations, the district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Plaintiff's objections are without merit.

B. Temporary Restraining Order and Transfer

Plaintiff contends that he has been subjected to harassment and abusive treatment for filing

lawsuits, and that he has been threatened with greater mistreatment if he continues litigation.[1] Plaintiff seeks a restraining order or to be transferred to a different facility. The Magistrate Judge determined that Plaintiff had failed to establish the right to injunctive relief. In his objections, Plaintiff alleges that he fears for his life.

When determining whether to grant injunctive relief, a court must balance: (1) the likelihood of irreparable harm to the plaintiff if the injunction is denied; (2) the likelihood of harm to the defendant if it is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest). See Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 195-96 (4th Cir.1977). In this case, Plaintiff's bare allegations are inadequate to show the likelihood of irreparable harm to him if the injunction is denied. With respect to harm to Defendants, the issuance of injunctive relief such as requested by Plaintiff would interfere with the staffing requirements and inmate placement determinations made by prison administrators. The court must give deference to decisions by prison administrators. See Wetzel v. Edwards, 635 F.2d 283, 288 (4th Cir. 1980). Plaintiff's objections are without merit.

C.  Default Judgment

Plaintiff has moved for default judgment against Defendant Lemacks, contending that this Defendant did not timely file an answer to the complaint. The Magistrate Judge recommended that

---

[1] In his motion for a temporary restraining order, Plaintiff stated that Defendant Cook's son, purportedly an officer at CCDC, threatened Plaintiff that "if I don't stop filing paperwork & suits I'll [be] subjected to an even bigger problem." The Magistrate Judge erroneously referred to this officer as Defendant Cook. Plaintiff contends in his objections, among other things, that the Magistrate Judge "denied request off the sumption [*sic*] that Plaintiff was speaking of the Defendant when request should've been granted[.]" The court discerns no connection between the Magistrate Judge's mistake regarding the identification of Officer Cook and her recommendation that the motion be denied. Plaintiff's objection is without merit.

the motion for default judgment be denied because Defendant Lemacks had filed an answer. Plaintiff objects to the Report and Recommendation, noting that the Magistrate Judge had dated the document "June 22, 2009," which was "before motion for default filed & not to mention 10 days before granting Defendant Mr. Lemacks an extension to respond to Plaintiff's complaint[.]" (Entry 46, 2. Plaintiff also contends that he has not been served with a copy of Defendant Lemacks' answer.

The court's review of the record indicates that Defendant Lemacks was served on June 5, 2009. Defendant Lemacks filed a motion for extension of time to file an answer on June 30, 2009. The Magistrate Judge granted the order on July 2, 2009, and gave Defendant Lemacks an extension of time until July 13, 2009 to file an answer. On July 20, 2009, the Magistrate Judge entered a text order noting that Defendant Lemacks had not yet filed an answer and granting him until July 28, 2009 to file an answer, and advising him if no answer was filed by that date, judgment by default would be entered against him. Defendant filed an answer on July 23, 2009.

It is clear that the "June 22, 2009" date on the Report and Recommendation is a clerical error, as borne out by the docket report. The answer filed by Defendant Lemacks includes a certificate of service indicating that the answer was placed in the mail to Plaintiff on June 23, 2009, at his CCDC address. Plaintiff's objections are without merit. Nevertheless, Defendant Lemacks is instructed to re-serve a copy of his answer on Plaintiff within ten days of the date of entry of this order.

## II. CONCLUSION

For the reasons stated, the court adopts the recommendations of the Magistrate Judge. Defendants Fraser, Beach, Mathews, Woodard, Thorton, and Alexandra are summarily dismissed. To the extent Plaintiff seeks to enjoin his state court proceedings, his request for injunctive relief is

**denied**. Plaintiff's motion for temporary restraining order (Entry 13) is **denied.** Plaintiff's motion for default judgment as to Defendant Lemacks (Entry 41) is **denied**. The case is recommitted to the Magistrate Judge for further pretrial handling.

    **IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

September 9, 2009.