IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Jimmy Duncan | ) | Civil Action No.: 8:09-1186-MBS-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Cpl. Robert Cook and Jay Lemacks, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the Plaintiff's Motions for Summary Judgment (Dkt. # 52), to Compel (Dkt. # 79), and to be Released (Dkt. # 83); the Defendant Lemack's Summary Judgment Motion (Dkt. #70); and the Defendant Cook's Motion to Dismiss, or, alternatively, for Summary Judgment (Dkt. # 71).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The Plaintiff filed this action on April 29, 2009.[1] On August 24, 2009, the Plaintiff filed a motion for summary judgment. On September 28, 2009, the Defendant Lemack filed a motion for summary judgment and the Defendant Cook filed a motion to dismiss or, alternatively, for summary judgment. By order filed September 29, 2009, pursuant to

---

[1]There is not a prison mailroom stamp on the envelope containing the petition. *Houston v. Lack*, 487 U.S. 266 (1988)(holding document considered filed upon delivery to prison officials for forwarding to court). (Pet. Attach. # 7.) Therefore, the undersigned is using the postmark date as the filing date.

*Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On November 12, 2009, the Plaintiff filed separate responses opposing the Defendants' motions.

**FACTS**

In his complaint, the Plaintiff alleges that on December 12, 2008, he was served with an arrest warrant. (Compl. at 3.) He states that in the warrant, the Defendant Cpl. Robert Cook of the Walterboro Police Department accused the Plaintiff of possession with intent to distribute ("PWID") crack cocaine. *Id.* The Plaintiff contends that the arrest warrant was issued without probable cause. *Id.* Specifically, he refers to Cook's affidavit which states that the substance which the Plaintiff possessed was "believed to be crack cocaine." The Plaintiff alleges the substance was never properly identified as cocaine and thus the warrant was issued based upon an assumption. *Id.* He also alleges that he has reason to believe that the judge's signature was forged because he contends that the issuing judge is blind following cateract surgery. (Compl. at 3.)

The Plaintiff also alleges that the jail is without a law library and lacks an adequate grievance system. (Compl. at 4.) He contends that he has filed requests to staff and grievances to several of the defendants and not received any responses.[2]

The Plaintiff is seeking punitive damages, an injunction, removal of the Defendants from office, and the establishment of a law library and an adequate grievance system. (Compl. at 5.)

---

[2]The undersigned notes that several defendants have been dismissed from this action by the United States District Court's Order filed September 9, 2009. (Dkt. # 62.) Specifically, the Defendants Chuck Fraser, Harris Beach, David Mathews, B. Ray Woodard, Sean Thorton, and T.K. Alexandra were summarily dismissed.

In his affidavit, the Defendant Cook avers that on December 10, 2008, he responded to a call from someone who claimed to have been threatened by a person with a weapon. (Def. Cook's Mem. Supp. Mot. to Dismiss Ex. A - Cook Aff.) Cook states that he saw the Plaintiff near the scene of the alleged threat and asked the Plaintiff to identify himself which the Plaintiff did. *Id.* Cook states he then asked the Plaintiff if he could perform a frisk of the Plaintiff to ensure the safety of himself and surrounding officers and the Plaintiff consented. *Id.* During the pat down, Cook states he found a small bag in the Plaintiff's pocket which contained eleven small tan-colored rocks. Cook avers that, based on his training and experience in law enforcement, he identified the contents of the bag as crack cocaine. Cook then arrested the Plaintiff for PWID crack cocaine and transported him to the Colleton County jail. The next day, Cook sought an arrest warrant and, in his affidavit in support of the warrant, he stated he had probable cause to arrest Plaintiff because he saw Plaintiff with a "small plastic bag containing eleven (11) small tan in color 'rocks' believed to be crack cocaine." (Def. Cook's Mem. Supp. Mot. to Dismiss Ex. B - Arrest Warrant). Cook alleges that Judge Peter Constantine signed the arrest warrant.

## APPLICABLE LAW

**MOTION TO DISMISS STANDARD**

Pursuant to Rule 12(b)(6) a motion to dismiss may be granted when, construing allegations in light most favorable to plaintiff and assuming facts alleged in the complaint to be true, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In deciding a Rule 12(b)(6) motion, the court can rely only upon the allegations in the complaint and those documents attached as exhibits or incorporated by reference. *Simons v. Montgomery County Police Officers*, 762 F.2d 30, 31 (4th Cir.1985).

3

While the court must construe factual allegations in the nonmoving party's favor and treat them as true, the court need not treat the complaint's legal conclusions as true. *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 217-18 (4th Cir.1994); *Custer v. Sweeney,* 89 F.3d 1156, 1163 (4th Cir.1996) (in 12(b)(6) analysis, court need not accept plaintiff's "unwarranted deductions," "footless conclusions of law," or "sweeping legal conclusions cast in the form of factual allegations") (internal quotations and citations omitted).

**SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

Initially, the undersigned notes that, in addition to damages, the Plaintiff is seeking to be released from custody. The Plaintiff may not pursue release from custody in an action brought pursuant to § 1983. *Heck v. Humphrey,* 512 U.S. 477 (1994)(holding "[r]elease from prison is not a remedy available under 42 U.S.C. § 1983.") Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Furthermore. State court remedies must be exhausted prior to filing for federal habeas relief.

Additionally, the undersigned notes that in his complaint, the Plaintiff alleges that the Colleton County Detention Center has no law library and an inadequate grievance

system. Neither of the Defendants remaining in this action, Cook or Lemack, could be liable for such claims. Cook is the officer who arrested the Plaintiff and Lemacks is currently employed with South Carolina Department of Probations, Pardon, and Parole Services ("DPPPS") as the supervisor in charge of the Walterboro office. Furthermore, even if the Defendants failed to respond to the Plaintiff's grievances or had something to do with the inadequate law library at the jail, the Plaintiff has not stated a constitutional claim.

The law is well-settled that there is no constitutional right to a grievance procedure. *Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 137-138 (1977). Even if the prison provides for a grievance procedure, violations of those procedures do not amount to a civil rights cause of action. *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir.1944) (dismissing plaintiff's claim that he was retaliated against when he was barred access to the grievance process because "the Constitution creates no entitlement to grievance procedures or access to any such procedure").

To state a denial of access claim, the Plaintiff must establish that the failure to provide access to law materials and books, mail, notary services, etc., deprived him of meaningful access to the courts. *White v. White,* 886 F.2d 721, 723 (4th Cir.1989). In *Lewis v. Casey,* 518 U.S. 343, 349 (1996), the Supreme Court held that a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. *Id.* at 352-53. A claim for failure to provide access to the courts must be pleaded with specificity. *Cochran v. Morris,* 73 F.3d 1310, 1317 (4th Cir.1996). In addition, "[p]risoners do not have a cause of action under § 1983 for negligent interference by prison

officials with their right of access to the courts." *Pink v. Lester,* 52 F.3d 73 (4th Cir.1995)). The Plaintiff fails to show or even allege how the Defendants caused him to be injured. The Plaintiff simply alleges that his constitutional rights have been violated. Accordingly, these claims should be dismissed.[3]

**Defendant Cook's Motion to Dismiss**

The Defendant Cook has filed a motion to dismiss or, alternatively, for summary judgment on the ground that the Plaintiff has failed to state a claim against him. The undersigned agrees.

When alleging an unreasonable seizure, arrest or prosecution, such a claim is governed by the Fourth Amendment. *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir.1996). To establish a Fourth Amendment false arrest or malicious prosecution claim, the Plaintiff must establish that probable cause did not exist for his arrest. *Id*. Probable cause is defined as facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing that the suspect has committed an offense. *Pritchett v. Alford,* 973 F.2d 307, 314 (4th Cir.1992). If probable cause existed for the Plaintiff's charges, then the Plaintiff's Fourth Amendment claim must fail.

Probable cause exists when "facts and circumstances . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown,

---

[3]More importantly, the undersigned notes that it appear that these claims were dismissed in their entirety by the United State District Court in her order filed September 9, 2009, in which several Defendants were dismissed. (Dkt. # 62.) Out of an abundance of caution, the undersigned has included this discussion so that it is clear that the remaining Defendants should also not be liable on these claims.

7

that the suspect has committed, is committing, or is about to commit an offense." *Porterfield v. Lott,* 156 F.3d 563, 568 (4th Cir.1998) (quotations omitted). Probable cause requires more than "bare suspicion" but requires less than evidence necessary to convict. *Id.* "It is an objective standard of probability that reasonable and prudent persons apply in everyday life." *Id.* And when it is considered in the light of all of the surrounding circumstances, even "seemingly innocent activity" may provide a basis for finding probable cause. *Id. See United States v. Pena*, 961 F.2d 333, 338-39 (2d Cir.1992). "[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." Finally, at the time of the arrest, police officers need probable cause that a crime has been committed, not that the criminal defendant committed all of the crimes for which he is later charged. *Wilkerson v. Hester,* 114 F.Supp.2d 446 (W.D. N.C. 2000).

Reviewing the facts and circumstances surrounding the Plaintiff's arrest, as viewed from the perspective of a reasonable officer faced with the information, the Defendant Cook undisputedly had probable cause to arrest the Plaintiff. The Plaintiff does not dispute that during the consensual pat down, Cook found a small bag in the Plaintiff's pocket which contained eleven small tan-colored rocks. In his affidavit, Cook avers that based upon his experience and training, he believed the substance was crack cocaine. The Plaintiff merely takes issue with Cook's affidavit in which Cook stated that he "believed" the substance was crack cocaine. The Plaintiff has not offered any evidence that the

substance was, in fact, not crack cocaine.[4] This is clearly enough to show probable cause because from a reasonable officer's perspective, the substance was crack cocaine. *Texas v. Brown,* 460 U.S. 730, 742 (1983) (citations and quotation omitted) (finding that police had probable cause to believe that an opaque balloon contained contraband even though the balloon may have contained any substance or no substance at all). Accordingly, the Defendant Cook's Motion to Dismiss should be granted.[5]

**Defendant Lemack's Motion for Summary Judgment**

The Defendant Lemack has filed a motion for summary judgment on the grounds, inter alia, that the Plaintiff has failed to state a claim against him and the Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). The undersigned agrees.

As set out by Lemack, a review of the Plaintiff's criminal history is helpful in addressing these claims. (Def. Lemack's Mem. Supp. Mot to Dismiss 2-5 & Lemack's Aff. and Exs.) On December 6, 2000, the Plaintiff pled guilty to criminal sexual conduct with

---

[4] The Plaintiff also seems to have an issue with the PWID charge later being reduced to a simple possession charge. (Dkt. # 78 - Pl.'s Mem. Opp. Cook's Summ. J. Mot. at 2.) He contends that there was no evidence that he was trying to sell the drugs. *Id.* However, an arrest is valid if "based on the facts known to the officer, objective probable cause exist[s] as to any crime." *United States v. McNeill,* 484 F.3d 301, 311 (4th Cir. 2007) (*citing Devenpeck v. Alford*, 543 U.S. 146, 153, 125 (2004). *See also Figg v. Schroeder,* 312 F.3d 625, 637 (4th Cir.2002) (concluding that plaintiff's constitutional rights were not violated where there was probable cause to detain the plaintiff on some criminal charge, even though the detention was not originally based on that charge).

[5] The undersigned notes that the Plaintiff also alleges that the judge who signed the arrest warrant is legally blind due to cataract surgery and could not have signed the order; therefore, his signature must have been forged. (Compl. at 3.) There is nothing in the record to support this allegation of forgery and it is clearly speculation on the part of the Plaintiff.

9

a minor, first degree, and he was sentenced to fifteen years imprisonment, suspended to five years probation. (Def. Lemack's Mem. Supp. Mot to Dismiss - Lemack's Aff. Ex. # 1.) On January 29, 2003, the Plaintiff pled guilty to third degree burglary and was sentenced to five years. (*Id*. Ex. # 2.) The Court ordered that upon completion of his prison sentence, the Plaintiff was to be supervised by the DPPPS and would be required to undergo mental health and sex offender treatment. (*Id*. Ex. # 3.) On February 29, 2008, the Plaintiff was released from prison under the Community Supervision Program. On July 15, 2008, the Plaintiff was found to have willfully violated the terms of the Community Supervision Program and he was discharged from the program. (*Id.* Ex. 4.) The Plaintiff also pled guilty to failure to register, first offense, and was sentenced to ninety days with credit for time served. (*Id.* Ex. # 5.) Pursuant to this order, he was required to remain on the sex offender registry and was outfitted with a GPS monitoring device. (Def. Lemack's Mem. Supp. Mot to Dismiss - Lemack's Aff. Exs. 6-10.)

On September 25, 2008, DPPPS alleged the Plaintiff had committed multiple probation violations, including GPS monitoring violations. (*Id.* Ex. # 12.) On November 10, 2008, the state court removed the sex offender conditions but ordered that the Plaintiff's supervision continue subject to the sex offender conditions. (*Id.* Ex. # 5.)

As noted above, Lemacks is the supervisor in charge of the Walterboro office of South Carolina DPPPS. In his complaint, the Plaintiff alleges "no response has been rendered; nor any action taken as to resolve this matter which shows gross negligence on behalf of. . . Mr. Jay Lemacks." (Compl. at 4.) The Plaintiff argues that Lemacks "out of spite convinced Judge Buckner to reinstate my probation from the original sentence." (Pl.'s

Mem. Opp. Lemack's Mot. to Dismiss at 6.)   The Plaintiff is complaining about being placed back on probation and monitoring. *Id.* He contends the revocation order submitted to the judge by Lemacks improperly failed to state the term for the additional conditions. *Id.* The Plaintiff acknowledges that the judge signed the order. *Id*.

In *Heck v. Humphrey,* the Supreme Court held that until a plaintiff's sentence and conviction on the probation revocation are set aside, any civil rights action based on the conviction, sentence, direct appeal, and related matters will be barred. 512 U.S. 477, 484 (1994).  The Supreme Court's ruling in *Heck* also applies to probation and parole violation proceedings. *McGrew v. Texas Bd. Of Pardons & Paroles,* 47 F.3d 158, 161 (5th Cir. 1995)(finding that an action challenging validity of probation revocation proceedings calls into question the fact of confinement and thus is subject to *Heck*); *see also Husketh v. Sills,* 34 Fed.Appx. 104 (4th Cir. 2002)(stating that plaintiff's claim was "barred because his challenge of his parole eligibility implies the invalidity of his continued confinement"). The Plaintiff is clearly implying the invalidity of his confinement.  The undersigned, therefore, finds that because the Plaintiff has not demonstrated that his criminal conviction and/or sentence has been invalidated, the Plaintiff's §1983 claims against the Defendant Lemack are not cognizable pursuant to *Heck.*

**Plaintiff's Motion for Summary Judgment**[6]

The Plaintiff has filed a motion for summary judgment on the ground that the

---

[6]The undersigned notes that the Plaintiff's has filed a reply to the Defendants' response to his motion to be released in which he argues that he was arrested for one offense and subsequently charged with another criminal offense. This §1983 action is not the proper vehicle for attacking a criminal conviction.

Defendant Cook falsely answered and denied an allegation in the complaint. In his answer to the complaint, the Defendant Cook admitted "so much of Paragraph IV as alleges that Defendant Cook was the affiant on the arrest warrant that was delivered to Plaintiff on December 12, 2008. The remaining allegations contained in Paragraph IV of Complaint are denied." (Dkt. # 19 - Def. Cook's Answer ¶ 4.) The Plaintiff contends that one of the remaining allegations was that Cook was the arresting officer. The Plaintiff argues that Cook was the arresting officer and because Cook denied the remaining allegations in Paragraph IV, he committed perjury entitling the Plaintiff to summary judgment.

First, the undersigned does not find Cook committed perjury based solely upon Cook's answer as it was clearly a general denial in his answer. In fact, the undersigned notes that in the complaint the Plaintiff never actually alleges that Cook was the "arresting officer." He refers to Cook as the "accusing officer" which could be construed as alleging that Cook was the affiant for the arrest warrant which Cook admitted in his answer. (Compl.) Further, applying the standard set forth above, the Plaintiff has not established as a matter of law that he is entitled to summary judgment. Accordingly, the Plaintiff's motion for summary judgment should be denied.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Plaintiff's Motion for Summary Judgment (Dkt. # 52) be DENIED; the Defendant Lemack's Motion for Summary Judgment (Dkt. # 70) be GRANTED; the Defendant Cook's Motion for Summary Judgment (Dkt. # 71) be GRANTED; and the Plaintiff's claims be DISMISSED with prejudice.

If the District Court adopts this report, it is FURTHER RECOMMENDED that the Plaintiff's Motions to Compel (Dkt. # 79) and to be Released (Dkt. # 83) be DENIED as moot.

IT IS SO RECOMMENDED.

               s/Bruce Howe Hendricks
               United States Magistrate Judge

January 14, 2010
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**