IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy Duncan, ) | |
| ) | C/A No. 8:09-1186-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Cpl. Robert Cook and Jay Lemacks, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Jimmy Duncan is an inmate in custody of the South Carolina Department of Corrections. At the time of the underlying complaint, Plaintiff was being held at the Colleton County Detention Center (CCDC). Defendant Robert Cook is a law enforcement officer of the Walterboro Police Department. Defendant Jay Lemacks is employed with the South Carolina Department of Probation, Pardon, and Parole Services (DPPPS). Plaintiff, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983.

This matter is before the court on motion for summary judgment filed by Plaintiff on August 24, 2009. Defendant Cook filed a response in opposition to Plaintiff's motion on September 8, 2009. Also before the court are motion for summary judgment filed by Defendant Lemacks, as well as motion to dismiss or, in the alternative, for summary judgment filed by Defendant Cook. Both Defendants' motions were filed on September 28, 2009. By order filed September 30, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Plaintiff filed responses in opposition to Defendants' motions on November 12, 2009.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. On January 14, 2010,

the Magistrate Judge issued a Report and Recommendation in which she recommended that Defendants' motions for summary judgment be granted and Plaintiff's motion for summary judgment denied. Plaintiff filed objections to the Report and Recommendation on February 2, 2010, to which Defendant Cook filed a response on February 8, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

I. FACTS

It appears from the record that Plaintiff pleaded guilty to criminal sexual conduct (CSC) with a minor, first degree, on December 6, 2000. He was sentenced to fifteen years imprisonment suspended to five years probation. Entry 70-4 (Affidavit of Jay Lemacks), ¶ 7. Defendant Lemacks supervised Plaintiff during his term of probation. Id. ¶ 8. On January 29, 2003, Plaintiff pleaded guilty to burglary, third degree, for which he received a sentence of five years incarceration. Id. ¶ 9. Plaintiff's suspended sentence also was revoked. Id. ¶ 10. Plaintiff thereafter was released on February 28, 2008 under the Community Supervision Program. Plaintiff was required to complete a two-year term of community supervision; if he fails to complete the program, he was to revert to serving the remainder of his probationary sentence. Id. ¶ 13. On March 11, 2008 Plaintiff was charged with violation the conditions of the Community Supervision Program. Id. ¶ 15. On July

15, 2008, Plaintiff's supervision was revoked. In addition, Plaintiff pleaded guilty to failure to register as a sex offender, first offense. Id. ¶¶ 15-17. Defendant was reinstated to the remaining probationary sentence pursuant to order dated January 29, 2003. Id. ¶ 19. Defendant Lemacks was present on behalf of DPPPS at the July 15, 2008 proceedings.

It further appears that on December 10, 2008, Defendant Cook responded to a call from someone who claimed to have been threatened by a weapon. Entry 71-2 (Affidavit of Cpl. Robert Cook), ¶ 6. Defendant Cook saw Plaintiff traveling on foot near the scene of the alleged threat. Id. ¶ 7. Plaintiff consented to being frisked, but before the pat-down began Plaintiff handed a small bag containing a substance to Defendant Cook. Id. ¶ 10. Defendant Cook visually identified the substance as crack cocaine. Id. ¶ 11. Defendant Cook thereupon placed Plaintiff under arrest for possession with intent to distribute crack cocaine. Id. ¶ 12. Defendant Cook transported Plaintiff to jail for holding until an arrest warrant could be executed. Id. Defendant Cook filled out an arrest warrant in which he stated that probable cause existed Plaintiff had been in possession of "a small plastic bag containing eleven (11) small tan color 'rocks' believed to be crack cocaine." Id. ¶ 13; Entry 71-3. Defendant Cook believed that the substance was crack cocaine based on his training and experience. Entry 71-2 ¶ 14.

Plaintiff alleges, among other things, that Defendant Cook arrested him without probable cause for possession with intent to distribute crack cocaine. According to Plaintiff, the affidavit provided by Defendant Cook in support of an arrest warrant was based upon Defendant Cook's discovery of eleven small rocks "believed to be crack cocaine, which shows the substances was never properly indentified [*sic*] as crack cocaine & the arrest was made off an assumption[.]" Entry 1 (Complaint), 3. Plaintiff further asserts that he does not have access to an adequate law library and

3

that his grievances are not responded to by staff at CCDC. Entry 1, 4. Plaintiff alleges that Defendant Lemacks, among others, has failed to take action to resolve his grievances at CCDC. Id. Plaintiff also contends that Defendant Lemacks "out of spite" convinced the revocation judge to reinstate Plaintiff's probationary sentence from the CSC conviction. Entry 77, 6. Plaintiff seeks release from custody, damages, injunctive relief, and the removal of Defendants from their positions.

## II. DISCUSSION

The Magistrate Judge determined that summary judgment in favor of Defendants is appropriate because (1) Plaintiff may not pursue release from custody in an action brought pursuant to § 1983; (2) Defendants have no involvement with the CCDC and therefore can have no liability with respect to Plaintiff's allegations regarding the law library and grievance procedure; (3) the evidence supports a finding of probable cause to support Plaintiff's arrest by Defendant Cook; and (4) with respect to Plaintiff's claim against Defendant Lemack regarding reinstatement of probation, Heck v. Humphrey, 512 U.S. 477, 484 (1994) bars consideration of this allegation.

Plaintiff objections generally reiterate the allegations of the complaint. The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

Nevertheless, the court has thoroughly reviewed the motions, memoranda, exhibits, and other evidence in the record. As the Magistrate Judge properly noted, release from incarceration is not a remedy available under ¶ 1983. See Reid v. Johnson, 105 F. App'x 500, 502 (4th Cir. 2004) (noting that 28 U.S.C. § 2254 is the exclusive remedy for a state prisoner who seeks release) (quoting Heck v. Humphrey, 512 U.S. 477, 480 (1994)). Further, as the Magistrate Judge noted, there is no

4

evidence that Defendants Cook or Lemacks have any authority or control with respect to the activities at CCDC. There is no allegation or evidence that either Defendant is employed by or otherwise associated with the administration of CCDC so as to be liable for Plaintiff's alleged deprivations.

As to Plaintiff's contention that Defendant Cook lacked probable cause to arrest, a warrantless arrest is constitutionally permissible if there is probable cause for the arresting officer to believe that a felony is being or has been committed by the arrested individual. United States v. Joy, 336 F. App'x 337, 340 (4th Cir. 2009) (citing United States v. McCraw, 920 F.2d 224, 227 (4th Cir. 1990)). Probable cause to arrest exists if the facts and circumstances within the arresting officer's knowledge at the moment the arrest is made would be sufficient for a prudent person to believe that the defendant had committed an offense. Id. (citing United States v. Dorlouis, 107 F.3d 248, 255 (4th Cir. 1997)). "'While probable cause requires more than bare suspicion, it requires less than that evidence necessary to convict.'" Id. (quoting United States v. Gray, 137 F.3d 765, 769 (4th Cir. 1998)). The court is entitled to respect the inferences drawn by officers from their own experience in deciding whether probable cause exists. United States v. White, 549 F.3d 946, 951 (4th Cir. 2008) (quoting Ornelas v. United States, 517 U.S. 690, 700 (1996)).

In this case, Defendant Cook determined, based upon his experience and training as a law enforcement officer, that the substance in the small bag provided to him by Plaintiff was crack cocaine. The court concurs with the Magistrate Judge that a reasonable officer would have believed that Defendant was in possession of crack cocaine.

Finally, the Magistrate Judge properly noted that Plaintiff's challenge to reinstatement of probation implies the invalidity of his sentence, and is therefore barred by Heck v Humphrey, 512

U.S. 477 (1994) (holding that to recover damages under § 1983, a plaintiff must prove that his conviction or sentence have been set aside).

III. CONCLUSION

The court finds Plaintiff's objections to be without merit and that the Magistrate Judge properly applied the law. The court adopts the Report and Recommendation and incorporates it herein by reference. For the reasons stated in the Report and Recommendation and herein, Plaintiff's motion for summary judgment (Entry 52) is **denied**. Defendant Lemacks' motion for summary judgment (Entry 70) is **granted**. Defendant Cook's motion to dismiss or, in the alternative, for summary judgment (Entry 71) also is **granted**. Plaintiff's remaining motion to compel (Entry 79) and motion for release from custody (Entry 83) are **denied** as moot.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

February 12, 2010

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**